BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., APPELLANT,
v. TRACY, TAX COMMR., APPELLEE.

[Cite as *Boehringer Ingelheim Pharmaceuticals,
Inc. v. Tracy* (1996), 74 Ohio St.3d 472.]

(No. 94–1241—Submitted November 8, 1995—Decided February 7, 1996.)

*Brickler & Eckler* and *Mark A. Engel;* and *Brian E. Andreoli,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Thelma T. Price,* Assistant Attorney General, for appellee.

---

*Per Curiam.* This case presents the same fact pattern as in *Am. Cyanamid Co. v. Tracy* (1996), 74 Ohio St.3d 468, 659 N.E.2d 1263, decided this day. In both cases the Tax Commissioner assessed a use tax against the free drug

samples distributed to physicians in Ohio by drug company field representatives. BIPI contends that its use of free prescription drug samples is exempted from the use tax by R.C. 5741.02(C)(2), which exempts "tangible personal property or services, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by sections 5739.01 to 5739.31 of the Revised Code."

The specific exemption which BIPI contends is applicable to these facts is R.C. 5739.02(B)(18), which exempts "[s]ales of drugs dispensed by a registered pharmacist upon the order of a practitioner licensed to prescribe, dispense, and administer drugs to a human being in the course of the professional practice * * *." BIPI contends that the portion of R.C. 5739.02(B)(18) set forth above exempts a specific class of items, prescription pharmaceuticals. As we stated in *American Cyanamid,* R.C. 5739.02(B)(18) exempts prescription drugs only when there has been compliance with the three elements of R.C. 5739.02(B)(18): (1) a sale of drugs; (2) the drugs are dispensed by a registered pharmacist; (3) the drugs are dispensed upon the order of a practitioner licensed to prescribe, dispense, and administer drugs to human beings in the course of his professional practice.

In this case, as in *American Cyanamid,* there was no sale of the drug samples by the field representative to any physician. There was no sale because there was no consideration. *Kloepfer's, Inc. v. Peck* (1953), 158 Ohio St. 577, 49 O.O. 483, 110 N.E.2d 560. Likewise, the drugs were not dispensed by a registered pharmacist nor were they dispensed upon the order of a practitioner licensed to prescribe and administer drugs to a human being in the course of his professional practice.

Accordingly, based upon our decision in *American Cyanamid,* we affirm the decision of the BTA as being reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

PFEIFER, J., dissenting. I would reverse. If you sell it, we don't tax it; if you give it away, we do?

WRIGHT, J., concurs in the foregoing dissenting opinion.