**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 472.]**

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Boehringer Ingelheim Pharmaceuticals, Inc. v. Tracy*, 1996-Ohio-144.]

*Taxation—Free drug samples distributed to physicians in Ohio by Connecticut drug company's field representatives—Use tax assessed, when—R.C. 5739.02(B)(18), applied.*

(No. 94-1241—Submitted November 8, 1995—Decided February 7, 1996.)

APPEAL from the Board of Tax Appeals, No. 92-M-434.

———————————

{¶ 1} Appellant, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), is a manufacturer and distributor of prescription pharmaceuticals located in Ridgefield, Connecticut. The Tax Commissioner assessed a use tax against BIPI for the samples of prescription drugs it manufactured outside Ohio and sent to its field representatives for free distribution to Ohio physicians. The audit period for the assessment was January 1, 1986 through December 31, 1988.

{¶ 2} Dr. Jeffrey Kaufman, a Columbus pulmonologist, who received free drug samples from BIPI's field representative, testified that he used them in one of two ways: he either gave free samples to his patients to try before they bought a prescription, or gave free samples to provide medication for indigent patients.

{¶ 3} Ronald Kulpa, Associate Director of Cost Accounting for BIPI, testified that the standard cost figure, upon which the Tax Commissioner's assessment was made, was based on the full absorption cost of the drugs involved. Richard W. Boosey, Jr., BIPI's Director of Production, testified that the sample drugs are made at the same time and in the same manner as the drugs which are sold by BIPI.

{¶ 4} The Board of Tax Appeals ("BTA") affirmed the commissioner's assessment.

{¶ 5} This cause is now before this court upon an appeal as of right.

———————————

*Brickler & Eckler* and *Mark A. Engel*; and *Brian E. Andreoli*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Thelma T. Price*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 6} This case presents the same fact pattern as in *Am. Cyanamid Co. v. Tracy* (1996), 74 Ohio St.3d 468, 659 N.E.2d 1263, decided this day. In both cases the Tax Commissioner assessed a use tax against the free drug samples distributed to physicians in Ohio by drug company field representatives. BIPI contends that its use of free prescription drug samples is exempted from the use tax by R.C. 5741.02(C)(2), which exempts "tangible personal property or services, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by sections 5739.01 to 5739.31 of the Revised Code."

{¶ 7} The specific exemption which BIPI contends is applicable to these facts is R.C. 5739.02(B)(18), which exempts "[s]ales of drugs dispensed by a registered pharmacist upon the order of a practitioner licensed to prescribe, dispense, and administer drugs to human beings in the course of his professional practice ***." BIPI contends that the portion of R.C. 5739.02(B)(18) set forth above exempts a specific class of items, prescription pharmaceuticals. As we stated in *American Cyanamid*, R.C. 5739.02(B)(18) exempts prescription drugs only when there has been compliance with the three elements of R.C. 5739.02(B)(18): (1) a sale of drugs; (2) the drugs are dispensed by a registered pharmacist; (3) the drugs are dispensed upon the order of a practitioner licensed to prescribe, dispense, and administer drugs to human beings in the course of his professional practice.

**{¶ 8}** In this case, as in *American Cyanamid*, there was no sale of the drug samples by the field representative to any physician. There was no sale because there was no consideration. *Kloepfer's, Inc. v. Peck* (1953), 158 Ohio St. 577, 49 O.O. 483, 110 N.E.2d 560. Likewise, the drugs were not dispensed by a registered pharmacist nor were they dispensed upon the order of a practitioner licensed to prescribe and administer drugs to a human being in the course of his professional practice.

**{¶ 9}** Accordingly, based upon our decision in *American Cyanamid,* we affirm the decision of the BTA as being reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

––––––––––––––––––

**PFEIFER, J., dissenting.**

**{¶ 10}** I would reverse. If you sell it, we don't tax it; if you give it away, we do?

WRIGHT, J., concurs in the foregoing dissenting opinion.

––––––––––––––––––